UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: MAZZEO UNUM,                    1:14-af-4
                                       (GLS)

               **Respondent.**
_____

## ORDER

On August 7, 2014, United States District Judge Mae A. D'Agostino recommended that Mazzeo Unum[1] be enjoined from further filings in this District without permission from the Chief Judge. (Dkt. Nos. 10, 14, 1:13-cv-586.) As such, Unum must be given an opportunity to show cause why an anti-filing injunction should not be entered.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be

---

[1] Judge D'Agostino also recommended that any of the derivative aliases previously used by Unum be enjoined.

an appropriate sanction."). Before imposing such limitations, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (citation omitted).

After carefully reviewing the record—including Magistrate Judge Randolph F. Treece's report-recommendation and order, and Judge D'Agostino's order referring the matter, (Dkt. Nos. 10,14, 1:13-cv-586)—the court concludes that unless Unum shows cause otherwise, he should be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge. In addition to the underlying cause of action, Unum has filed nine *pro se* civil actions in this District—all of which have been dismissed.[2]

---

[2] (1) *Mazzeo v. State of NYDOH, et al.*, 5:05-CV-1598 (NAM/DEP). *Pro se* plaintiff Michael Mazzeo initiated this action in December 2005 by filing a typed, twenty-five-page complaint against fifteen defendants, eleven of which are individuals. (Dkt. No.1.) Upon review, the court deduced that he may have been challenging the revocation of his license to

2

practice medicine, however, the complaint was found to be utterly lacking in an arguable basis in law and the court could not discern any cause of action that could provide relief. (Dkt. No. 4.) Ultimately, the case was dismissed on that basis. (Dkt. Nos. 8, 10.); (2) *Mazzeo-Unum v. U.S. Dep't of Hous. & Urban Dev., et al.*, 1:09-CV-1420 (LEK/RFT). This action was initiated by Bruno Mazzeo-Unum in December 2009 naming over fifty defendants. (Dkt. No. 1.) In a Report-Recommendation and Order, Judge Treece found that the entirety of the typed, thirty-four page pleading was confusing and devoid of any factual allegation against a single defendant. (Dkt. No. 4.) While he was given an opportunity to amend his complaint, (*id.*; Dkt. No. 6), he opted instead to submit reams and reams of documents ("Evidence"), all of which were stricken because they were unclear and contained personal identifying information in contravention to this District's Local Rules of Practice, (Dkt. Nos. 9-11). Ultimately, the case was dismissed. (Dkt. No. 14.); (3) *Mazzeo-Unum v. Soc. Sec. Admin., et al.*, 1:11-CV-983 (GLS/RFT). Bruno Mazzeo-Unum, a/k/a Mazzeo Unum, a/k/a Mazzeo Unum Rizzo initiated this action in August 2011 against the Social Security Administration, the New York State Division of Human Rights, the New York State Commission on Judicial Conduct, and the United States Department of Housing and Urban Development, possibly on behalf of himself and another individual. (Dkt. No. 1.) The case was dismissed due to his failure to comply with Rules 8 and 10 and for failing to state a claim. (Dkt. Nos. 4, 12.); (4) *Unum v. Orange Cnty. Cent. Jail, et al.*, 1:12-CV-16 (GTS/RFT). Proceeding as Bruno Unum, he brought an action naming various entities located in Santa Ana, California. (Dkt. No. 1.) Nevertheless, because the action had no connection to the Northern District of New York, it was transferred to the Central District of California. (Dkt. No. 4.) The transfer of the action did not forestall him from, three months later, filing ninety-nine pages of "Evidence" in support of his complaint. (Dkt. No. 5.); (5) *Mazzeo-Unum v. Dep't of Transp., et al.,* 1:12-CV-1856 (TJM/RFT). *Pro se* plaintiff Bruno Mazzeo-Unum initiated this action in December 2012 against the Department of Transportation and the United States Patent/Trademark Office. (Dkt. No. 1.) The case was dismissed in June 2013 for failure to state a claim. (Dkt. No. 8.) Nevertheless, he continued to file voluminous objections, the most recent of which was filed in April of this year. (Dkt. No. 13.); (6) *Comprehensive Med. Care Servs., P.C., et al. v. New York State Comm'n of Corr., et al.*, 1:13-CV-864 (GTS/CFH). Plaintiff Michael Mazzeo initiated this action in July 2013 against nineteen defendants, including individuals and entities. (Dkt. No. 1.) He attempted to bring the action on behalf of himself and an entity entitled "Comprehensive Medical Care Services P.C." (*Id.*) As with all his other actions, his initial submission to the court was massive, exceeding 700 pages. Upon initial review, the complaint was deemed to be lacking the proper form and substance in order for the case to proceed. (Dkt. Nos. 5, 6.) Accordingly, the complaint was dismissed, however, Mazzeo was given an opportunity to amend his pleading in order to comply with the Federal Rules of Civil Procedure. (*Id.*) But because he did not avail himself of that opportunity, judgment was entered and the action was closed. (Dkt. No. 7.); (7) *Unum v. Rockland Cnty., et al.*, 1:13-CV-1108 (MAD/CFH). Plaintiff Mazzeo Unum initiated this action in September 2013. (Dkt. No. 1.) Using a pro forma complaint typically used by individuals seeking remedies for employment discrimination, he named various entities as defendants, such as Rockland County, Child Process Centers, Supreme Court, Adult Child Support Units in America, and Empire State Plaza Department of Law, to name a few. (*Id.*) Although the pro forma complaint was brief, the handwritten notations were almost illegible and nonsensical. As before, accompanying the pleading were reams of documents too voluminous to upload onto the Court's CM/ECF System. But most troubling, in the prayer for relief, he asked for patently

There is little doubt that Unum lacks a good-faith expectation in

---

inappropriate relief including death by guillotine or by "dropping a weight greater than that of the skull to crush the cranium and its contents [because] the use of electrocution [or] lethal injection [is] less desirable." (*Id.* at 8.) The entirety of the pleading was found to be nothing more than incoherent rambling prose with random interjections of lists of statute citations with no connection whatsoever to any right alleged to have been violated by any identifiable individual or entity and was accordingly dismissed. (Dkt. No. 9.); (8) *Neuro-Med. Diagnostic Care Servs. P.C., et al. v. Dep't of Transitional Assistance, et al.*, 1:13-CV-1593 (MAD/ATB). This action was brought in December 2013, but it was unclear who were the properly named plaintiffs and defendants because, in the two pro forma pleadings submitted to the Clerk of the Court, the listed plaintiffs were two entities, Neuro-Medical Diagnostic Care Services PC and Medical Technical Incorporated, (Dkt. No. 1), but at least one of the pleadings was signed by Mazzeo Unum and the in forma pauperis application was submitted on behalf of Mazzeo Unum, (*id.*; Dkt. No. 2). Named as defendants were various entities such as the Social Security Administration, Department of Treasury, Congress, and "Albany County Civil Criminal Family Court," to name a few. (Dkt. No. 1.) There were also voluminous exhibits attached to the pleading which were not uploaded onto the court's CM/ECF System so as not to overburden staff. In reviewing the combined complaints, the court gave solicitude to the fact that it appeared as though an individual non-attorney was attempting to bring an action on behalf of corporations, which cannot be done, and instead construed the complaint as having also been brought by Mazzeo Unum on behalf of himself. (Dkt. No. 6.) In any event, because the pleadings failed to plead a single comprehensible fact showing that either the corporations or Unum was entitled to some relief, the case was ultimately dismissed. (Dkt. No. 7.); (9) *Mazzeo v. Dep't of Taxation & Fin., et al.*, 1:14-CV-391 (LEK/RFT). "Unum etal Mazzeo" brought this action against the Department of Taxation and Finance, Enforcement Unit, Beth Freije, and State of New York Family Court. (Dkt. No. 1.) As with all other filings, the submissions attached to the complaint were too voluminous to upload to the Court's CM/ECF System and are therefore maintained in traditional paper format in the Clerk's Office. And, as with all other filings, the submissions presented to the court were nonsensical and provided no insight as to why Unum sought remedy with this court. (Dkt. No. 4 at 4-5.) Particularly alarming, however, was the inclusion of pictures of various members of the New York State Assembly and United States Congress, including hand-drawn cross-hairs on the foreheads of New York State Speaker Sheldon Silver and Chief Judge of the New York Court of Appeals Jonathan Lippman. (*Id.*) This case was ultimately dismissed. (Dkt. No. 5.)

prevailing in his lawsuits, has caused needless expense to other parties, and it appears that sanctions lesser than an anti-filing injunction would unlikely curb Unum's excessive filings. Notwithstanding the overwhelming support for the issuance of an anti-filing injunction, fairness and the interest of justice dictate that Unum be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As such, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Unum shall, within fourteen (14) days of the date of this Order, show cause, *in writing*, why he should not be enjoined from any further filings in the Northern District of New York without leave of the Chief Judge; and it is further

**ORDERED** that if Unum does not fully comply with this Order, the court will issue a subsequent order, without further explanation, permanently enjoining Unum from filing a pleading or document of any kind in any other case in this District without leave of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Order to District

5

Judge D'Agostino; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Unum by certified mail.

**IT IS SO ORDERED.**

November 21, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court